UNITED STATES of America,
Plaintiff–Appellee,

v.

Rodney HAYES, Defendant–Appellant.

No. 00–10459.

D.C. No. CR–99–40069–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2001.

Decided July 17, 2001.

Before SCHROEDER, Chief Judge,
LAY * and BOOCHEVER, Circuit Judges.

### MEMORANDUM **

### I. Background

Rodney Hayes was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal he challenges the search of his residence and the refusal of the district court to allow Hayes to attend a hearing involving the testimony of a confidential informant.

In March, 1999, DEA agent Daniel Comeaux executed a search warrant for Rodney Hayes' residence. Although the agents were searching for drugs, their search revealed a handgun, which Hayes, as a felon, could not legally possess. Hayes now challenges that warrant.

The warrant was based in part upon information received from two confidential informants, Informant A and Informant B.[1] The search warrant affidavit alleged the following facts. Informant A told Agent Comeaux that he could purchase drugs from Informant B, who in turn received drugs from Hayes. Agent Comeaux set up two controlled drug purchases. In the first, Informant A called Informant B to set up a drug purchase. A and B met, and A later informed police that B used his cell phone to contact Hayes during the meeting. After the meeting, surveillance agents watched B travel to Hayes' house and then return to deliver heroin to A. In the second controlled drug purchase, A called B to purchase more heroin. At the time of the call, surveillance agents saw B's car at Hayes house. Shortly after the call, these surveillance agents watched B leave the house, deliver heroin to A, and return to Hayes' house. After these drug purchases, A told police that B called A several times, telling him that Hayes wanted to sell him more heroin. Based upon these facts, a warrant for Hayes' house was issued, and the subsequent search turned up the gun.

Prior to trial, Hayes sought to challenge the search of his residence. Citing safety concerns, the government refused to produce Informant A for questioning absent protection by the court. Hayes claimed to have identified Informant A, and thus argued that there was no need to protect Informant A's identity. The district court disagreed and held an *in camera* hearing,

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The briefs in this case were filed under seal, and we will not refer to the informants' names to protect their identity.

allowing defense counsel to be present only after counsel agreed to abide by a court order forbidding the disclosure of Informant A's identity.

At the hearing, Informant A indicated a concern that his informant status would lead to retribution. Nevertheless, Informant A admitted to participating in the controlled drug deals and indicated he had a "pretty good idea" that B was getting his drugs from Hayes. Agent Comeaux also testified to the facts as he alleged in the warrant affidavit. The district court denied Hayes a full hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), based upon the "credibility of the witnesses." Hayes was found guilty of possessing the gun. On appeal, Hayes' claims that the trial court erred by not allowing him to sit in on the hearing with Informant A and by not allowing him a full hearing to challenge the warrant under *Franks*. Neither of Hayes' arguments has merit.

## II. Discussion

### A. Evidentiary Hearing

■ In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court recognized that the government has a privilege to keep the identity of a confidential informant secret. This privilege, however, only applies as long as there is a need to protect the identity of the informant. *Id.* at 60. Even if the privilege does apply, a court still must balance the Government's interest in protecting its informant against the individual's right to prepare his defense. *Id.* at 62. In situations such as the present one, this court has held that a district court "can conduct an *in camera* hearing to which the defense counsel, but not the defendant, is admitted." *See United States v. Anderson*, 509 F.2d 724, 729 (9th Cir.1975). A district court's decision to

hold such a hearing is reviewed for an abuse of discretion. *Id.* at 730.

Hayes argues that since he had correctly deduced the identity of Informant A, the privilege no longer applied. This ignores the fact that at the time of the hearing, Hayes only thought he had correctly deduced the identity of Informant A. Hayes was not certain of the informant's identity until the hearing. It was only after the fact that Hayes could say he correctly deduced the identity of the informant. Therefore, we find the *Roviaro* privilege is applicable.

■ The slightly more difficult question is whether the balancing of interests weighs in favor of the Government. We believe the district court did not err in finding that it does. Hayes argues that his absence limited his counsel's ability to cross-examine the informant and police witnesses. However, Hayes does not point to any specific prejudice that he encountered from his absence. *Cf. Kentucky v. Stincer*, 482 U.S. 730, 747, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (holding there was no constitutional error where respondent was excluded from a hearing because "there is no indication that respondent could have done anything had he been at the hearing") (quotations omitted). Further, since Hayes had likely identified Informant A, there is little doubt that Hayes had the pre-hearing opportunity to prepare with his attorney for Informant A's testimony. Finally, Informant A's testimony went to the finding of probable cause, rather than Hayes' guilt on the gun charge. Past teachings of this court indicate that under such circumstances, the government's need outweighs that of the defendant—even to the extent of allowing a district court to exclude defendant's counsel. *See Anderson*, 509 F.2d at 730 (holding probable cause hearing without defendant or defense counsel weighed in

favor of the government, in part because "there is no reason to believe that the informer could have provided testimony relevant to [defendant's] defense on the merits. Rather, his testimony related solely to the pre-arrest issue of probable cause.")

In sum, we believe that the Government had the privilege to protect the identity of Informant A and that the district court did not clearly err by holding a hearing without the defendant present.

*B. Franks Hearing*

 Under *Franks,* a defendant who makes a substantial showing that a statement in a warrant affidavit, necessary to a finding of probable cause, was made with either intentional or reckless disregard for the truth is entitled to a hearing to prove his claim. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). In order to receive such a hearing, however, the defendant must allege: (1) the affidavit accompanying the warrant contains intentionally or recklessly false statements or omissions; and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. *See United States v. Reeves,* 210 F.3d 1041, 1044 (9th Cir.2000). Where a defendant challenges the validity of a warrant by questioning the reliability of a confidential informant, the proper course is for the trial court to hold an *in camera* hearing to determine whether the defendant "has made a threshold substantial showing of falsehood." *Id.* (quotations omitted).

As noted above, the district court granted the *in camera* hearing, but refused to order a full *Franks* hearing. This was not error. The defendant claims that Informant A essentially claimed not to have made any of the statements attributed to him in the warrant application. The defendant misreads the record. For example, Hayes claims that Informant A denied telling Agent Comeaux that Hayes supplied Informant B with heroin. Informant A actually testified that he did not know for certain that Hayes supplied Informant B with drugs, but he had a "pretty good idea" this was what had happened. To the extent that Informant A's testimony was ambiguous, the district court no doubt took into consideration Informant A's fear for his life for helping the Government out. Further, the district court was clearly within its rights to rely on the credibility of Agent Comeaux. The district court did not clearly err in finding Agent Comeaux made no intentionally or recklessly false material statement in his warrant affidavit.

Further, even without the statements of Informant A, the warrant application supported a finding of probable cause. Informant A testified to participating in the controlled drug deals with Informant B. As described above, after Informant B met with Informant A to plan the drug deal, surveillance agents followed B to Hayes house, and then followed him back to another meeting with Informant A, where drugs were delivered. This, and the other surveillance activity, corroborates that the warrant could have issued even without Informant A's information.

### III. Conclusion

For the above reasons, we hold that the district court did not err in holding a hearing without Hayes present. We also hold that the district court did not err in rejecting a full *Franks* hearing. We therefore affirm Hayes' conviction.

AFFIRMED.